

**STATE OF NORTH CAROLINA**

CUMBERLAND County

File No. 20 CVS 5155

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| Samuel Steven Lester |

| Address |
|---|
| C/O Thompson & Thompson, P.C., P O Box 901 |

| City, State, Zip | | |
|---|---|---|
| Warsaw | NC | 28398 |

**VERSUS**

| Name Of Defendant(s) |
|---|
| Valley Proteins, Inc. |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Valley Proteins, Inc.<br>C/O Corporation Service Company, Registered Agent<br>2626 Glenwood Ave, Suite 550<br>Raleigh NC 27608 | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Kennedy L. Thompson<br>Thompson & Thompson, P.C.<br>P O Box 901<br>Warsaw NC 28398 | 10-22-2020 | 1:59 ☐ AM ☒ PM |
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | ☐ AM ☐ PM |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA　　　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
CUMBERLAND COUNTY　　　　　　　　　FILE NO. 2020 CVS _____

SAMUEL STEVEN LESTER,

Plaintiff,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　)　　　(Jury Trial Demanded)
VALLEY PROTEINS, INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
Defendant.　　　　　　　　　　　　　　)

Plaintiff, by and through undersigned counsel, complaining of Defendant, alleges and says that:

1. Plaintiff, Samuel Steven Lester (hereinafter "Plaintiff) is a resident and citizen of Rose Hill, Duplin County, North Carolina.

2. Defendant, Valley Proteins, Inc. (hereinafter "Defendant"), is a corporation organized and existing under the laws of the state of Virginia, with its registered office located at 2626 Glenwood Ave., Suite 550, Raleigh, Wake County, North Carolina 27608, and its principal office at 1309 Industrial Dr. Fayetteville, North Carolina, 28301-6323. At all relevant times herein, Defendant engaged in business in Duplin and Cumberland Counties, North Carolina.

3. At all times mentioned herein and material hereto, Defendant owned and operated (and owns and operates) over thirty (30) processing plants across the United States, including a plant located at 469 Yellow Cut Rd Rose Hill, North Carolina (hereinafter the "Rose Hill Plant" or "Plant"), which provide the rendering and recycling of animal by-products. Defendant produces animal fats and oils, feed fat, yellow grease, poultry fat, biofuel fat, protein meals, and pet food ingredients.

1

4. The Rose Hill Plant has a multi-story commercial building containing separate processing areas.

5. Coastal Plains Maintenance Services, Inc. (hereinafter "Coastal Plains") is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Teachey, Duplin County, North Carolina and is primarily a welding service company.

6. At all times mentioned herein and material hereto, there was an ongoing contractual relationship between Defendant and Coastal Plains, under which Coastal Plains provided various services to Defendant including, but not limited to, finishing projects and completing additions to larger construction projects at Defendant's Rose Hill Plant. These projects required and involved welding.

7. At all times mentioned herein and material hereto, Plaintiff was and is an employee of Coastal Plains and performed welding duties. Welding is a consistent and constant part of the activities of the Plaintiff and his co-workers.

8. On the morning of March 11, 2020, Plaintiff, together with four (4) other co-workers namely, Edwin Flores, Freddie Blackmon, Juan Marin, and Freddie Garcia, during the course and scope of their employment at Defendant's Rose Hill plant were about to finish the installation of a new bypass screw conveyor system they had been working on for approximately two (2) weeks.

9. Notwithstanding Plaintiff and his co-workers would prefabricate the bypass system outside, the final phase of installation required Plaintiff and his co-workers to move inside the Plant to finalize the installation by welding the parts together.

2

10. On the morning of March 11, 2020, Plaintiff and his co-workers proceeded to weld a piece of metal on a meal bin located in the second level platform in the southwest side of the plant. Plaintiff was standing atop the meal bin holding the piece of metal while his co-worker, Edwin Flores, attempted to start welding by using TIG (Tungsten Inert Gas) welding. As soon as Mr. Flores proceeded to strike the arc, a massive flash fiery explosion occurred causing Plaintiff and his co-workers to sustain severe burns which required them to be air-lifted to the "burn unit" at UNC Hospital.

11. Defendant, by and through one or more of its actual, apparent, and/or ostensible agents and/or employees, did then and there cause or allow to be caused an explosion due to the excessive amounts of combustible dust, chemical, and/or gaseous particles in the area where the welding took place.

12. At one or more times on March 11, 2020, Defendant, by and through one or more of its actual, apparent, and/or ostensible agents and/or employees, was negligent and breached its duty of care by failing to provide a safe workplace for Plaintiff, thereby causing or allowing to be caused the fiery explosion, and the injuries to Plaintiff, as described in this Complaint.

13. At one or more times on March 11, 2020, Defendant, by and through one or more of its actual, apparent, and/or ostensible agents and/or employees, was negligent and breached its duty of care in one or more of the following respects and thereby its act(s) were a proximate cause of the fiery explosion, and/or the breakout of significant flames and the injuries to Plaintiff, as described in this Complaint:

    a. Defendant's hazard communication program did not include methods the corporation/employer used to inform other employer(s) and/or contract employees/Plaintiff of any precautionary measures that needed to be taken to protect

employees/contract employees/ Plaintiff during the workplace's normal operations and in foreseeable emergencies.

    b.     Defendant's hazard communication program did not implement specific written procedures or methods to communicate combustible hazards and precautions to take for Plaintiff and fellow contract employees who were welding at Defendant's plant

    c.     Defendant, who was responsible for authorizing cutting or welding operations, did not designate precautions to be followed in granting authorization to proceed; and

    d.     Defendant did not outline specific written procedures/precautions in a "welding permit" or "hot work permit" to control/mitigate airborne dust and dust accumulation and/or other combustible particles/chemicals in the work area where Plaintiff and his fellow co-workers were working when welding was required to install a new bypass screw conveyor system; and

    e.     Defendant knew or should have known that welding was a constant and routine practice of the Plaintiff and his fellow co-workers; and

    f.     Defendant failed to maintain or install an effective or operational vacuum system to filtrate or otherwise remove the excess dust buildup in the area where Plaintiff and his co-workers were working, and the explosion occurred;

    g.     Upon information and belief, Defendant's negligence as outlined and alleged in paragraph's 13(f) through 13(f) was and is in violation of the Occupational Safety and Health Standards for General Industry, a safety statute that has the force of law pursuant to N.C.G.S.§95-131 and the Rules and Regulations of the North Carolina Department of Labor, and Defendant's violations thereof is negligence *per se*.

h. Defendant's acts and omissions constitute a breach of its continuing duty to warn and to remedy hazards including but not limited to excessive combustible dust inside the operation and/or other combustible particles/chemicals.

i. Defendant failed to otherwise exercise reasonable care and diligence for the safety of others, including Plaintiff's.

j. Defendant was otherwise negligent as may be shown at trial;

14. As a direct, proximate, and factual result of Defendant's negligence and/or breach of warranties and duties as described in this Complaint, Plaintiff has:

a. Sustained injuries to his person, including but not limited to burns, scars, and disfigurement;

b. Has suffered, suffers, and/or will suffer temporary and/or permanent physical and/or mental injury;

c. Has suffered, suffers, and/or will suffer temporary and/or permanent physical and/or mental disability;

d. Has suffered, suffers, and/or will suffer temporary and/or permanent physical and/or mental pain, suffering, and anguish;

e. Has suffered, suffers, and/or will suffer temporary and/or permanent diminution in the value of his services;

f. Has suffered, suffers, and/or will suffer loss of income and/or earning capacity;

g. Has undergone, undergoes, and/or will undergo medical, surgical, and/or other health care, treatment, and attention;

5

Case 5:20-cv-00618-FL   Document 1-1   Filed 11/20/20   Page 7 of 9

h. Has incurred, is incurring, and/or will incur medical, surgical, and/or other healthcare and/or health-related expenses (including expenses incurred in traveling to obtain medical, surgical, and/or other health-related care, treatment, and/or attention);

i. Has suffered, suffers, and/or will suffer temporary and/or permanent diminution and/or loss of enjoyment of life and aspects of life, and Defendant is liable to compensate Plaintiff, for each of these injuries and damages.

WHEREFORE, Plaintiff prays as follows:

1. For judgment against Defendant in an amount in excess of $25,000.00, plus costs of suit;

2. For attorney's fees to the full extent allowed by law;

3. For pre-judgment and post-judgment interest to the full extent allowed by law;

4. Plaintiff demands trial by jury of all issues in this cause; reserves the right to amend or move to amend this pleading, including to conform to the evidence as it develops; and prays for such other and additional relief as this Court deems just and proper.

This the 22nd day of October 2020.

THOMPSON & THOMPSON, P.C.

*Kennedy L. Thompson by WS*

Kennedy L. Thompson
NC State Bar No. 28125
E.C. Thompson, III
NC State Bar No. 4357
P O Box 901
Warsaw, NC 28398
Telephone: (910) 293-3124
Facsimile: (910) 293-7171

AND

LAW OFFICES OF WADE E. BYRD, P.A.

_____
Wade E. Byrd
NC State Bar No. 5534
Mark Hockman
NC State Bar No. 15652
Post Office Box 2797
Fayetteville, NC 28302-2797
Telephone: (910) 323-2555
Facsimile: (910) 323-9694

***ATTORNEYS FOR PLAINTIFF***

7